Lord NEW YORK CALIFORNIA GEORGIA PENNSYLVANIA 
FARUQI & FARUQI 
 SOORDERED \ 
 \ \ 
Innessa M. Huot 
ihuot@farugilaw.com 
 VALERIE FIGUBREDO 
 United States Magistrate Judge 
VIA ECF “10-21-2022 
 The Court received the Vendor Defendants’ response (ECF 
 : : No. 187). A telephonic conference is scheduled for 
The Honorable Vale Te Figueredo Novem: at 3:00 p.m. Counsel for the parties are 
United States District Court directed to call Judge Figueredo’s AT&T conference line at 
Southern District of New York ae sence me wea val eee) □□□ 
500 Pearl Street, Courtroom 17A es why these has boon 4 delay in compiling these ° 
New York, New York 10007 records and how much more time the City Defendants 
 expect they will need. 
 Re: Pierre v. City of New York, et al., No. 1:20-cv-05116-ALC-VF 
Dear Judge Figueredo: 
 We represent Plaintiffs in the above-referenced action and write to request that the Court 
toll the statute of limitations for the members of the conditionally certified FLSA Collective 
(“FLSA Collective”) for claims asserted against the Duane Reade Inc., B & H Photo Video Pro 
Audio LLC, Trihop 14th Street LLC, and Bloomberg L.P. (collectively, the “Vendor Defendants”). 
 On September 27, 2022, the Court granted Plaintiff's motion for collective certification 
and tolled the statute of limitations for the FLSA Collective from November 2, 2021 (the date that 
Plaintiff filed the motion) to September 27, 2022. ECF No. 184 at 19-21. The Court ordered the 
City Defendants! to provide the names, last known addresses, personal email addresses, and dates 
of employment of the FLSA Collective so that notices of pendency can be issued to apprise these 
individuals of the lawsuit and their right to join the case and stop the daily expiration of their FLSA 
claims. /d. However, the City Defendants advised that they need additional time to compile the 
records ordered by the Court. To this day, City Defendants are still working to compile the records 
and advised that they still need more time. 
 Because the statute of limitations continues to run with each passing day, the City 
Defendants entered into a Tolling Agreement with Plaintiff to toll the statute of limitations for the 
FLSA Collective from September 26, 2022 until the date that they are able to provide Plaintiff 
with the information ordered by the Court. See Exhibit A, Tolling Agreement. However, the 
Vendor Defendants have refused to enter into such an agreement. As such, claims against the 
Vendors Defendants continue to run and Plaintiff is unable to do anything to prevent the daily 
expiration of these claims for the FLSA Collective. 
 Extraordinary circumstances stemming from Defendants’ need for additional time and their 
delay in providing the requisite records to Plaintiff justifies the tolling of the statute of limitations. 
Yahraes v. Rest. Assocs. Events Corp., No. 10-CV-935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. 
Mar. 8, 2011). Indeed, despite Plaintiffs diligence, he is unable to notify the FLSA Collective of 

' City of New York and the New York City Police Department (collectively, the “City Defendants”) 

 Hon. Judge Valerie Figueredo 
 October 19, 2022 
& FARUQI Page 2 

the pendency of this lawsuit and afford them an opportunity to stem the daily expiration of their 
claims. As such, Plaintiff respectfully requests that the Court toll the statute of limitations as 
against the Vendor Defendants to prevent the FLSA Collective from being prejudiced from this 
delay. 
 We thank the Court for its time and attention to this matter. 
 Respectfully submitted, 
 : tL _ Th 
 Innessa M. Huot 

EXHIBIT A 
 TOLLING AGREEMENT 

 This Tolling Agreement (“Agreement”) is made by and between, Burbran Pierre 
(“Plaintiff”), on behalf of himself and the putative members of the conditionally certified FLSA 
Collective (“FLSA Collective”), and City of New York and the New York City Police Department 
(“NYPD”) hereinafter, “City Defendants”) (collectively, the “Parties” and each individually a 
“Party”). 

I. RECITALS 

 WHEREAS, Plaintiff alleges claims against City Defendants under the Fair Labor 
Standards Act, 29 U.S.C. §§ 201, et seq. (“FLSA”) (the “Claims”); 

 WHEREAS, on September 26, 2022, the Honorable Valerie Figueredo granted Plaintiff’s 
motion conditionally certifying the action as a collective action and equitably tolling the statute of 
limitations for the FLSA Collective’s Claims from November 2, 2021 to September 26, 2022 (the 
“Order”); 

 WHEREAS, in the Order, the Honorable Valerie Figueredo directed City Defendants to 
provide Plaintiff with the names, last known addresses, personal email addresses, and dates of 
employment of the FLSA Collective so that Plaintiff can disseminate notices of pendency and 
provide such individuals with an opportunity to join the case and toll the statute of limitations as 
to their Claims; 

 WHEREAS, City Defendants require additional time to compile the requisite records and 
produce them to Plaintiff in accordance with the Court’s Order; 

 NOW, THEREFORE, the Parties agree as follows: 

II. TERMS 

 A. The running of any statute of limitations and any other period relating to the timely 
assertion of the Claims by the FLSA Collective shall be tolled during the period from September 
26, 2022 through the date on which City Defendants provide Plaintiff with the names, last known 
addresses, personal email addresses, and dates of employment of the FLSA Collective (the 
“Distribution Date”). 

 B. With respect to the Claims, City Defendants hereby waive, extend, and agree not 
to assert any defense as to statutes of limitation or any other defense relating to the passage of time 
from September 26, 2022 through the Distribution Date. 

 C. This Agreement may not be modified, amended, or waived except in a writing 
signed by the respective Parties hereto or their counsel. 

 D. Nothing contained herein shall be construed as an admission or acknowledgement 
that the Claims have any validity or merit. 
 E. This Agreement shall be governed by the laws of the State of New York. 
 F. This Agreement may be executed in counterparts and via facsimile or electronic 
means, all of which shall have full force and effect. 
 G. This Agreement shall be binding upon and inure to the benefit of the Parties, their 
predecessors, successors, and assigns, if any. 
 H. As counsel forthe respective Parties, each of the individuals signing this Agreement 
represents and warrants that he or she has full power and authority to bind the Parties identified 
below the individual’s signature. 
Dated: October 18, 2022 

 FARUQI & FARUQI, LLP CORPORATION COUNSEL OF THE 
 CITY OF NEW YORK 
 By: /s/nnessa Melamed Huot 
 Innessa Melamed Huot By: x“. Atle O (Connor 
 Alex J. Hartzband Andrea O’Connor 
 Camilo M. Burr 
 100 Church Street 
 685 Third Avenue, 26th Floor New York, NY 10007 
 New York, NY 10017 Tel: (212) 676-2750 
 Tel: 212-983-9330 aoconnor@law.nyc.gov 
 ihuot@faruqilaw.com 
 ahartzband@faruqilaw.com Attorneys for City of New York and 
 cburr@faruqilaw.com New York City Police Department 
 Attorneys for Plaintiff; the FLSA 
 Collective, and the proposed Class